## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Kimberly E. Lovelace, etc.

v.

Toyota Motor Corp. et al.

August 8, 1985

Case No. (Law) 15,251

By JUDGE H. CALVIN SPAIN

This matter came on the 26th day of July, 1985, to be heard upon certain defense motions with respect to the above-captioned matter. I shall deal with the motions in order of ascending difficulty.

### 1. *Defense motion for extension of time for responding to request for admissions*

Defense counsel advised that it would file any objections to any admissions prior to the due time. However, due to the unavailability of certain officials from the Japanese corporation, it was difficult if not imprudent for him to answer the admissions with certainty until consulting with the same. Accordingly, an extension of several weeks was requested.

The Court ruled that the time would be extended to September 9th for the defendant to respond to the interrogatories to which no objections had otherwise been timely filed.

### 2. *Motion to compel*

Previously the defendant had provided the plaintiff with the names and addresses of certain parties who had

complained to the defendant with respect to alleged defects similar to those in the instant case prior to the incident involving the plaintiff. Plaintiff has requested the results of the accumulated evidence with respect to the names and addresses of those individuals who may offer testimony supporting the plaintiff's position in this particular case.

The Court ruled that the plaintiff must provide to the defendant in a *timely* manner the names and addresses of all witnesses who will offer testimony on behalf of the plaintiff, whose names were originally provided to the plaintiff as alleged complaining parties with complaints similar to those of the plaintiff in the instant proceeding. The Court emphasized *timely*, in order that the defendant may have ample opportunity to undertake such further investigations or discovery proceedings as the defendant may be advised with respect to protecting its interest in the instant matter.

### 3. *Demurrer*

The defendant filed a demurrer in this matter with respect to punitive damages which have been requested by the plaintiff. At the time the cause of action arose, punitive damages were not recoverable under Virginia law. In 1982, effective July 1, 1982, the Wrongful Death Act was amended to permit the recovery of punitive damages. In 1983 the current litigation was filed. There are no Virginia cases that have been decided on point. The only cases decided with respect to the recovery of punitive damages and the effect of the 1982 amendment have been decided by the Federal District Courts in the State of Virginia. Those cases were cited by the defendant and have been reviewed by the Court.

The Court is of the opinion that punitive damages are not recoverable in the instant case by the plaintiff. To allow such would be to affect the substantive rights of the parties that existed at the time of the incident which gave rise to the cause of action now before the Court. The court finds no intent that the amendment was intended to be retroactive and, as argued by the defendant, if the purpose of punitive damages is to warn others, by broadening the enhancement of punishment, then retroactivity would be totally inappropriate in this matter. While it may be argued that the amendment is merely proce-

dural, then the effect is nevertheless the disturbance of substantive rights previously existing between the parties. Accordingly, the Defendant's Demurrer is sustained.